WILLIAM SOMMERS *vs.* ALEXANDER JOHNSON.

CALEDONIA.
*March.*
1832.

The statute of 1830, authorizing the county courts to grant relief to persons, imprisoned on execution for torts, is a constitutional statute, and extends to persons in prison when the statute passed.

*Johnson* commenced his action against *Sommers* for slanderous words, and obtained a verdict and judgement against him, together with a certificate of the court that the cause of action accrued from the wilful and malicious act of *Sommers.*  Execution was issued, and *Sommers* was committed to prison by virtue thereof, and was in prison on the tenth of November, 1830, and long afterwards.  *Sommers* petitioned the county court for relief, under the statute which was passed on said 10th day of November; and the court adjudged he was entitled to relief, and the following exceptions were filed and allowed ; upon which the case came up to this Court :

" This was a petition for relief, under the statute of this state, entitled, " An act in relation to imprisonment on executions for torts," passed November 10, 1830.  On the hearing of said pe-

CALEDONIA,
March,
1832.

Sommers
vs.
Johnson.

tition, it was objected, on the part of the petitionee, that said statute was not in terms applicable to the present case ; and that, if applicable, it was unconstitutional and void, as against the petitionee. But said objections were overruled, and the court being of opinion, upon the evidence adduced, that the petitioner's case came within the operation of said statute, adjudged and directed, that, on and after the first day of June, A. D. 1831, he should be entitled to the benefit of the several acts for the relief of poor debtors ; he making application to the jail commissioners, and complying with the requisites of the law for that purpose. To all which the petitionee excepts."

After argument by *J. Mattocks* and *Fletcher*, for the petitionee, and *Davis*, for the petitioner,

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— Two questions only are presented in the case before us. The first is, whether the statute, passed November 10, 1830, extends its relief to persons then in prison? The expression of the statute is, " whenever any person is imprisoned, &c." It is contended that this only looks forward to new cases of imprisonment. We think it not necessary so to limit its extent. It is a remedial statute. It was made to remedy the evil of imprisoning persons for torts, and depriving them of the power to labor to obtain their own living, or to obtain the means of paying their executions, after their imprisonment had become a mere punishment to them, without any prospect of benefit to their creditors. The statute provides, that, in such cases, the county court, on petition to them, as was made in this case, may inquire into all the circumstances of the case, and grant the power to petition the jail commissioners for liberation on taking the poor debtor's oath. It becomes the duty of the Court to decide, under this statute, whether the imprisonment has become merely punishment, and whether the prisoner has been sufficiently punished, and whether it is safe, and best for society, that he should be liberated, in case he can show his poverty before the jail commissioners. For all these purposes, nothing depends upon the time, when the imprisonment commenced ; but upon its length, and its effects upon the prisoner, in reforming him, and reducing him to poverty, and bringing distress upon his family, if he has one. The expression of the statute is clearly prospective in some sense. It is so with regard to preferring the petition to the court, and all proceedings under it. But the expression is perfectly applicable to a man's being in prison at the time of preferring his petition, with regard to the time, when the

CALEDONIA,
*March,*
1832.

Sommers
*vs.*
Johnson.

imprisonment commenced. Any man is imprisoned each moment, from the time of his commitment, to the time of his discharge; and there is no reason to believe, that the legislature intended to provide relief for those, who should afterwards be committed to prison, and leave in perpetual imprisonment those, whose hard bondage alone dictated the necessity of the statute.

Considering the case to be within the statute, we pass to the other question, which regards the constitutionality of this statute, especially as applicable to a person already imprisoned. We think it is constitutional; and, among all the questions raised upon constitutional law, I never, till in this case, heard a suggestion, but what such a general law was constitutional. Particular statutes, made to relieve certain individuals by name, and take them out of the power of the general laws, that govern other citizens, and, in direct terms, take away rights, that had become complete under the general statutes, have been decided to be unconstitutional. Such have been those, called suspension acts. The general statutes made provision that all creditors might imprison their debtors, till they either paid the debt, or were discharged by being admitted to, and taking, the poor debtor's oath. A statute, made in behalf of a single debtor, and upon his petition, enacts, that he shall be imprisoned no longer, till the expiration of five years, and that his departure from the liberties shall not be a breach of his prison bond, the very terms of which bond are, that such a departure shall be a breach of the bond. Wholly unlike to these, are those general statutes, which vary the mode of process, or the course of collection of debts, or the mode of discharge from imprisonment. These all have a retrospective operation to a certain extent, and yet are constitutional. For a time, before the formation of this state, there was no law for the collection of debts. The state was formed, and such laws were enacted, as enabled creditors to coerce the payment of their debts. These extended equally to past and future contracts. When the statute passed, which made provisions for poor debtors to be discharged from their imprisonment, by a process, testing their poverty, this extended to preexisting debts. In all the changes of that system, varying the term of notice to the creditors, and adding to the list of privileged property, and varying the board, which must act upon these questions, the old debts have been subject to the new statutes. So of the statutes, which have varied the jurisdiction of courts, and the mode of service on personal property, and enlarged the exemptions from attachment. None of these were ever treated as

unconstitutional, nor suspected to be so. And yet the persons in prison, when the new laws came into force, have had the benefit of such new laws. Without doubt, the legislature have a right to enact laws, which vary the remedy for the collection of debts; and if these laws are general in their operation, and contain such provisions as the public good requires, they are constitutional, and all proceedings, as well for old as new debts, should conform to their provisions.

CALEDONIA,
March,
1832.

Sommers
*vs.*
Johnson.

The judgement of the county court is affirmed.